UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW ENDERLIN                                                                                    PLAINTIFF

v.                              CASE NO. 4:06-CV-0032 GTE

XM SATELLITE RADIO HOLDINGS, INC.,
XM SATELLITE RADIO, INC.                                                                        DEFENDANTS

**ORDER**

Presently before the Court is the Defendants' Motion to Stay this Action Pending Appeal. Whether an interlocutory appeal from the denial of a motion to stay due to pending arbitration divests a district court of jurisdiction to proceed on the merits of the underlying claim while the appeal is pending has not been decided in the Eighth Circuit. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.,* 606 F.2d 234, 237 n. 6 (8th Cir.1979) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *see also* Fed.R.Civ.P. 62(c), (d). Accordingly, notwithstanding the appeal, the court retains jurisdiction to resolve this motion.

The United States Courts of Appeals that have addressed whether a § 16(a) appeal divests the district court of jurisdiction[1] are split. *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). The Second and Ninth Circuits have refused to stay

---

[1]The Court notes that it is not talking about constitutional or statutory jurisdiction, but rather "a judge-made doctrine, designed to promote judicial economy and avoid ⋯ confusion and inefficiency." 20 Moore's Federal Practice § 303.32[1] (3d ed. 2004).

proceedings in the district court while an arbitrability issue is pending on appeal. *See Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 53-54 (2d Cir.2004); *Britton v. Co-Op Banking Group,* 916 F.2d 1405, 1412 (9th Cir.1990). Conversely, the Seventh, Tenth, and Eleventh Circuits have held that the appeal triggers the general divestiture principle and, so long as the appeal is not frivolous, warrants issuance of a stay. *See McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251-52 (11th Cir.2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 506 (7th Cir.1997).  This Court finds the latter cases persuasive, and therefore will grant the Defendant's Motion to Stay.

The Tenth Circuit discussed the underlying rationale of the courts that have decided this issue:

> In explaining why the terms of the divestiture principle do or do not apply to arbitrability appeals, the courts on each side of the divide have provided legal justifications as well as supporting prudential rationales related to the competing interests and concerns about potential abuse of litigation and appeals. For instance, in declining to apply the divestiture rule, the Ninth Circuit concluded that an appeal from the denial of a motion to compel arbitration does not involve the same subject matter as the claim that remains pending in the district court, "[s]ince the issue of arbitrability [i]s the only substantive issue presented in th[e] appeal" and a "dispute over arbitrability is easily severable from [the] merits of [the] underlying dispute." *Britton,* 916 F.2d at 1412 & n. 7 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr.,* 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). In addition to this legal rationale, the court expressed concern over potential exploitation of a categorical divestiture rule, which "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Id.* at 1412. Addressing the countervailing concern that a defendant not lose the benefit of a meritorious appeal of the denial of a motion to arbitrate by continuation of the case in the district court, the Ninth Circuit emphasized that the inherent flexibility of the traditional stay analysis would enable the trial court to determine on a case-by-case basis when the arbitrability issue warranted a stay in the proceedings. *Id.*

> The Seventh Circuit disagreed with this analysis when it confronted the same issue. As a first point of contention, the court rejected the Ninth Circuit's determination that an arbitrability appeal is legally severable and distinct from the merits of the underlying case. *See Bradford-Scott Data Corp.,* 128 F.3d at 505 ("Whether a case should be litigated in the district court is not an issue collateral to the question presented by an appeal [of arbitrability] however; it is the mirror image of the question presented on [such an] appeal."). While the Seventh Circuit acknowledged that potential exploitation of the divestiture rule through dilatory § 16(a) appeals was a "serious concern," it was persuaded this concern was "met by the response that the appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Id.* at 506. The court was more solicitous regarding its duty to protect the benefits of arbitration from erosion by the demands of litigation in district court during the pendency of a defendant's non-frivolous appeal from the denial of arbitration. *Id.* ("The worst possible outcome would be to litigate the [underlying] dispute, to have the court of appeals reverse [the denial of arbitration], to arbitrate the dispute, and finally to return to court to have the award enforced."). It is evident from this case law that the opposing circuit positions have each presented a reasoned response to the other's prudential rationales. The critical question we must answer is which approach provides us with a more persuasive analysis of the jurisdictional divestiture rule.

*McCauley*, 413 F.3d at 1160-61.  The Tenth Circuit went on to analyze divestiture in the context of an interlocutory appeal of the denial of qualified immunity where the court did not certify the appeal as frivolous or forfeited.  *Id.* at 1161.  In the Tenth Circuit, such an interlocutory appeal automatically divests a district court of jurisdiction unless the district court takes the affirmative step of certifying the appeal as frivolous or forfeited.  *Id.* at 1161-62.

While the Eighth Circuit has not decided the question presented here, it has found that the court has an "'inherent power to determine as a preliminary matter its own subject matter jurisdiction.'"  *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004) (quoting *Gaines v. Nelson,* 932 F.2d 729, 731 (8th Cir. 1991)).  The filing of a notice of appeal is "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.  *Liddell v. Bd. of*

*Educ.,* 73 F.3d 819, 823 (8th Cir.1996) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)). For efficacious reasons a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter,* 362 F.3d at 475.[2] A district court that is divested of jurisdiction may not reexamine or supplement the order appealed. *Missouri v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir.1999). When the question of appealability is in doubt, the court is to "stay its hand" until the appellate court resolves the issue. *Id.* at 1106-07.

"The [divestiture] rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing 'two front war' for no good reason, . . . avoiding possible duplication and confusion by allocating control between forums." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (internal citation omitted).

While Plaintiff asserts that "a concurrent litigation approach was endorsed by the United States Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1 (1983) in similar circumstances," in that case, the issue addressed by the Court was the propriety of the District Court's decision to stay a federal suit out of deference to the parallel litigation brought in state court, not an appeal to a federal court of appeals. *Id.* at 13. Therefore, the Court

---

[2]Although the Supreme Court has explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), neither the Supreme Court, nor the Eighth Circuit, has ever explicitly extended this holding to interlocutory § 16(a) appeals. *See McCauley*, 413 F.3d at 1160.

finds this argument unpersuasive.

Plaintiffs also ask this Court to certify Defendants' appeal as frivolous, in the event the Court adopts an automatic divestiture rule.  The Court declines to do so.  This Court grants Defendants' Motion to Stay this Action Pending Appeal in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.

IT IS THEREFORE ORDERED THAT the Defendants' Motion to Stay this Action Pending Appeal (Docket #42) shall be, and is hereby, GRANTED.

Dated this 24th day of October, 2006.

      /s/ Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE